Filed 1/26/21 In re D.R. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re D.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>D.R.,<br><br>Defendant and Appellant. | F081333<br><br>(Super. Ct. Nos. 17CEJ600163-3, FJ56516)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County. Mary Dolas, Judge.[†]

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*] Before Franson, Acting P.J., Meehan, J. and DeSantos, J.

[†] The jurisdictional hearing was held in Los Angeles County before Commissioner Robert Leventer. The dispositional hearing was held in Fresno County before Judge Dolas.

-ooOoo-

Minor, D.R., appeals from a disposition order adjudging him a ward of the juvenile court, placing him on probation, and committing him to the New Horizons program based upon the true finding that the minor committed robbery. (Welf. & Inst. Code, § 602.) He contends that there was insufficient evidence for the juvenile court to have found true the robbery allegation against him. The People disagree. We affirm.

## PROCEDURAL SUMMARY

On May 24, 2019,[1] the Los Angeles County District Attorney filed a wardship petition (Welf. & Inst. Code, § 602, subd. (a)), alleging the minor committed second degree robbery (Pen. Code, § 211;[2] count 1).

On June 25, the Los Angeles County Juvenile Court found the petition true and concluded the offense was a felony. The minor therefore fell within the jurisdiction of the juvenile court.

On the same date, the Los Angeles County Juvenile Court initiated a transfer of the matter to the Fresno County Juvenile Court for disposition. On July 2, the Fresno County Juvenile Court accepted transfer of the matter.

On July 17, the Fresno County Juvenile Court ordered that the minor remain[3] a ward of the juvenile court and committed him to the custody of the New Horizons program for 365 days.

On August 20, the minor filed a notice of appeal.

---

[1] All further dates refer to the year 2019 unless otherwise stated.

[2] All further statutory references are to the Penal Code unless otherwise stated.

[3] On April 25, 2017, the minor was originally adjudged a ward of the juvenile court as a result of his commission of a misdemeanor petty theft violation (§ 488). On July 18, 2017, the juvenile court ordered the minor to remain a ward of the court as the result of his commission of three felony counts of second degree burglary (§ 460, subd. (b)), one count of residential burglary (§ 460, subd. (a)), and one count of possession of a concealed dirk or dagger (§ 21310).

# FACTUAL SUMMARY

On the afternoon of May 22, Lufti E. worked as a cashier at a convenience store in Los Angeles County. At about 4:00 p.m. or 5:00 p.m., the minor and two other young men entered the store. Lufti described the group as one white young man, one Hispanic young man, and one Filipino (or Hispanic) young man. The white and Hispanic young men went behind the cashier's counter where Lufti stood. The Filipino young man stood on the customer's side of the cashier's counter. The white young man grabbed Lufti's cell phone and the store key. Lufti struggled with the white young man over the key and cell phone and eventually recovered both. At the same time, the Hispanic young man took cash from a box of lottery ticket sales proceeds that sat behind the cashier's desk. The Hispanic young man then went to the cigarette and cigar display behind the counter, took several packs of cigars and threw them to the Filipino young man. The Filipino young man took several lighters from a display near the cash register. The white and Hispanic young men hit Lufti between 10 and 15 times in the head and chest with closed fists. All three young men then fled.

Several customers were in the store when the group of young men entered. One of those customers took photographs of the young men,[4] shouted at them when he saw them fighting with Lufti, and called the police. The customer then saw the same group of young men at a bus stop near the store while he was still on the telephone with the police. He followed them and directed an approaching police car to their location.

Roughly 30 to 45 minutes after the minor and two other young men left the store, police officers arrested the minor and two co-minors about a quarter of a mile from the store. Lufti was placed in the rear of a patrol vehicle and identified the minor and the co-

---

[4] The photographs were introduced into evidence. However, the customer did not identify the minor at the jurisdictional hearing as one of the individuals depicted in the photographs.

minors as his assailants.[5] Officers recovered multiple packs of cigars, lighters, a bottle of alcohol, and cash from the minor and co-minors. Lufti confirmed that the cigars and lighters recovered were the same brand sold in the store. The alcohol bottle that the police officers showed Lufti had a red cap. Lufti testified that he had seen a red alcohol bottle cap protruding from the pocket of one of the young men when the young man entered Lufti's store.

## DISCUSSION

The minor contends the evidence was insufficient to sustain the juvenile court's finding that he committed the charged robbery. We disagree.

> " 'In reviewing a challenge to the sufficiency of the evidence, we do not determine the facts ourselves. Rather, we "examine the whole record in the light most favorable to the [disposition order] to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the [allegation true] beyond a reasonable doubt." [Citations.] We presume in support of the [disposition order] the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] … We do not reweigh evidence or reevaluate a witness's credibility.' [Citations.] 'Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact. [Citation.] Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a [disposition order].' " (*People v. Brown* (2014) 59 Cal.4th 86, 105–106; see *In re M.V.* (2014) 225 Cal.App.4th 1495, 1518 ["The standard of review in juvenile proceedings involving criminal behavior is the same as that required in adult criminal trials …."].)

The minor contends that the evidence was insufficient to establish his identity as one of the perpetrators of the robbery. He maintains that Lufti identified the perpetrators as a "white" young man, a "Hispanic" young man, and a "Filipino" young man, but the minor's ethnicity was not identified at the hearing and the victim did not identify the minor at the hearing. Similarly, the minor argues that identity was unproven because the

---

**5** Lufti did not identify the minor as one of his assailants at the jurisdiction hearing.

4.

customer who took the photos of the assailants did not identify him at the hearing and the prosecutor did not establish "that [the minor] was one of the individuals in the photograph taken by [the customer] at the time of the [robbery]." For those reasons, he argues his identity as one of the robbers was not established.

The minor's argument disregards much of the evidence. The victim identified the minor and co-minors in an infield lineup about 30 to 45 minutes after the robbery. The customer who witnessed the robbery directed the officers to the minor and co-minors. When the minors were detained, officers found multiple packs of cigars of the same brand sold at the store, lighters of the same variety taken from the store, and an alcohol bottle consistent with an item that Lufti saw protruding from the pocket of one of his assailants. Further, the court was able to view the photographs taken of the assailants and see the minors in the courtroom. Based on the entire record, and in the light most favorable to the disposition order, substantial evidence supported the juvenile court's conclusion that the minor was one of the three individuals who committed the robbery.

Next, the minor contends that "the prosecution[']s theory of the case was that [he] was an aider and abettor" in the robbery—because he was the lookout—which required additional elements of proof.[6] We disagree. The prosecutor's theory, as supported by the evidence, was that the minor was one of the two individuals behind the counter and was therefore a principal in the offense.

At the jurisdictional hearing, the customer identified the individual on the customer side of the cashier's desk (who Lufti identified as a "Filipino" young man) as one of the co-minors. In the prosecutor's argument to the court, he stated "[w]e know

---

[6] Specifically, he contends that the prosecutor "had to show that (1) the perpetrator committed the crime; (2) the defendant knew that the perpetrator intended to commit the crime; (3) before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; and (4) the defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime."

clearly that [one of the co-minors] was the Filipino individual described by both the victim and the [customer] as the individual who alternatively stood on the other side of the counter and received some of the stolen items and stood by the door as a lookout."  In making its true finding on the petition, the juvenile court identified a co-minor as the aider and abettor:  "I don't see a problem with the I.D. and I really don't have a doubt that the robbery occurred and these two[7] minors participated in the robbery with [one of the co-minors] participating as an aider and abettor."  Because the minor was not prosecuted as an aider and abettor and was not found to have aided and abetted, no proof of elements of aiding and abetting was required.

## DISPOSITION

The order is affirmed.

---

**7**     One of the co-minors was not present at the jurisdiction hearing.